Steve V. Suneson
New York Bar No. 3949369
Jones & Keller, P.C.
1999 Broadway, Ste. 3150
Denver, Colorado 80202
Office: (303) 573-1600
Facsimile: (303) 573-8133
Email: ssuneson@joneskeller.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY WEST, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVE BRANDS NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 1:20-cv-03593-JPO |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Active Brands North America, Inc., respectfully submits this memorandum in support of its Motion to Dismiss the Complaint against it for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

**PRELIMINARY STATEMENT**

This is a case of mistaken identity. Plaintiff's attempt to exercise personal jurisdiction here relies entirely on the incorrect assertion that Active Brands North America, Inc. (hereinafter,

"AB North America") operates a website, "www.karitraa.com," that is deficient as to blind and visually-impaired consumers in New York County, New York. In fact, Plaintiff has sued the wrong company, and the website in question was created and is maintained and operated entirely by a different company, Active Brands AS. In Plaintiff's rush to file this case, she has targeted a company that is not in any way involved with that website, and which does not have the connection to New York that Plaintiff has alleged. Because there is no basis to exercise personal jurisdiction over AB North America in this case, the Complaint must be dismissed.

## FACTUAL BACKGROUND

Defendant AB North America is a Delaware Corporation with its principal place of business in Broomfield, Colorado. *See* Periodic Report Filed with Colorado Secretary of State, March 3, 2020, attached as Exhibit A; Affidavit of Henrik Lumholdt, attached as Exhibit B, at ¶ 2.

According to the Complaint, Plaintiff Mary West is a resident of Kings County, New York, and is a visually impaired and legally blind person who requires screen-reading software to read website content using her computer. *See* Class Action Complaint and Demand for Jury Trial, ECF No. 4 (hereinafter "Complaint") at ¶¶ 2, 11. Plaintiff alleges that the website "www.karitraa.com" (alternately, "the Website"), is not equally accessible to blind and visually impaired consumers, and that "on a number of occasions," Plaintiff attempted to use the website within the Southern District of New York, including, ostensibly, within New York County. *See id.* at ¶ 5, 8-9.

Active Brands AS, which is not a party to this case, is a Norwegian corporation that created "www.karitraa.com," and which is wholly and exclusively responsible for operating and maintaining that Website, without the involvement of AB North America. Declaration of Øyvind

Haagensen, attached as Exhibit C,[1] at ¶¶ 1-6; Affidavit of Henrik Lumholdt at at ¶¶ 4-6. The Website itself prominently states in multiple places that Active Brands AS is the company that operates it, and it also clearly states that even sales to the United States from www.karitraa.com are serviced by Active Brands AS and shipped from Sweden. *See*, *e.g.*, "Terms & Conditions" and "Privacy & Policy," www.karitraa.com, (last visited June 4, 2020), attached as Exhibit D, at 002, 013, 016-18, 021; Declaration of Øyvind Haagensen at ¶¶ 5-6. AB North America does not have any website, Affidavit of Henrik Lumholdt at ¶ 6.

## LEGAL STANDARD

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).

To decide a question of personal jurisdiction, federal courts conduct a two-part analysis, which looks first to the applicable state statutes. *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001). Under New York law, a plaintiff must first demonstrate that the defendant was either (1) "present" and "doing business" within the meaning of New York Civil Practice Law and Rules ("CPLR") § 301, or (2) that it committed acts within the scope of New York's long-arm statute, CPLR § 302. Following that analysis, federal courts then analyze whether jurisdiction comports with federal due process. *Mario Valente Collezioni, Ltd.*, 264 F.3d at 37.

A corporation is subject to general personal jurisdiction under CPLR § 301 with respect to any cause of action, arising or not arising out of contacts with New York, if a company "has

---

[1] This sworn statement was not executed as an affidavit and notarized due to logistical issues with the ongoing COVID-19 pandemic. To the extent it becomes possible to locate an available notary where Mr. Haagensen is located, Counsel anticipates supplementing the record with the same statement in the form of an affidavit.

engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). Furthermore, due process only allows a foreign corporation to be subject to general jurisdiction when its "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum," and in all but the most "exceptional" cases, "a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

Under CPLR § 302(a)(1), a court may exercise specific personal jurisdiction over a defendant if (1) the defendant "transacts any business" in New York and (2) the plaintiff's cause of action arises from such a transaction. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). The exercise of specific jurisdiction depends on in-state activity that "gave rise to the episode-in-suit." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016); *Best Van Lines*, 490 F.3d at 246 (requiring the defendant to engage in "purposeful activity" in New York, as well as "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York").

To survive a motion to dismiss for lack of personal jurisdiction, a "plaintiff must make a prima facie showing that jurisdiction exists." *Am. Buddha*, 609 F.3d at 34–35. While the pleadings are construed in the light most favorable to the plaintiff, a court need not "draw argumentative inferences in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation marks omitted), nor accept as true "a legal conclusion couched as a factual allegation," *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998). For purposes of a 12(b)(2) motion, the Court may "look beyond the pleadings to

affidavits and supporting materials submitted by the parties." *In re Aluminum Warehousing Antitrust Litig.*, 2015 WL 6472656, at *2 (S.D.N.Y. Oct. 23, 2015).

## ARGUMENT

This case is a scatter-shot ADA website accessibility lawsuit that relies heavily on assumptions, conclusory allegations, and boilerplate descriptions of website functionality. As a consequence of this approach, Plaintiff has erroneously attempted to subject AB North America to these claims when it does not maintain the website at issue and is not subject to personal jurisdiction in this case.

**A.    This Court does not have general jurisdiction over AB North America.**

There is no basis for general jurisdiction in this case, because AB North America has not engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); CPLR § 301. In fact, the Complaint only contains, at most, two or three allegations of AB North America doing business of any kind in New York. First, the Complaint alleges, without elaboration, that AB North America "conducts and continues to conduct a substantial and significant amount of business" in the Southern District of New York. Complaint at ¶ 8. This type of conclusory allegation, lacking the support of any alleged factual details, does not carry weight for the purposes of this Motion. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d at 184-85; *Robinson*, 21 F.3d at 507. Next, the Complaint claims that "Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York [because] Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in New York County" and that "a substantial portion of the conduct complained of herein occurred in [the

Southern District of New York]" because Plaintiff allegedly attempted to use the Website multiple times while in this District.[2] Complaint at ¶¶ 8-9. Thus, the only specific allegation of AB North America conducting any business in New York claims that it only did so by operating the Website, and as the record shows, that allegation is incorrect. *See generally*, Declaration of Øyvind Haagensen; Affidavit of Henrik Lumholdt; *see also* Exhibit D at 002, 013, 016-18, 021. AB North America has not ever operated that Website, whether in New York, or anywhere else. *Id.* As a result, there is no basis for general jurisdiction under CPLR § 301.

Furthermore, due process prevents exercise of general jurisdiction over AB North America in New York unless its "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum," which generally requires that it either be incorporated in New York or that it have its principal place of business there. *See Brown*, 814 F.3d 619, 627 (2d Cir. 2016). Neither of those is the case here. AB North America is a Delaware corporation with its principal place of business in Colorado, and in fact, it does not have any place of business outside of Colorado. Exhibit A; Affidavit of Henrik Lumholdt at ¶ 2-3. Even if somehow the record showed some potential basis for general jurisdiction under CPLR § 301, constitutional due process considerations would bar any exercise of general jurisdiction here.

**B.      There is no factual basis for specific jurisdiction over AB North America.**

Likewise, AB North America is not subject to specific jurisdiction because it did not engage in any in-state activity that "gave rise to the episode-in-suit." *See Waldman*, 835 F.3d at 331 (2d Cir. 2016); CPLR § 302(a)(1). As outlined in the previous section, Plaintiff has provided

---

[2] While the correct operator of www.karitraa.com, Active Brands AS, is not a party to this case and the accessibility of its website is not at issue in this Motion, it bears mentioning that www.karitraa.com does not currently have any issues that would deny anyone access to it based on any visual disabilities. Declaration of Øyvind Haagensen at ¶¶ 7-10. Had Plaintiff done her due diligence and simply communicated in good faith regarding her concerns, this matter likely could have been resolved without litigation.

little to no substantive information on AB North America's activities, and the few allegations in the Complaint are either conclusory or demonstrably false. It is clear from the record that "www.karitraa.com" is not AB North America's website, but is instead exclusively operated by a different company, Active Brands AS. *See generally*, Declaration of Øyvind Haagensen; Affidavit of Henrik Lumholdt; *see also* Exhibit D at 002, 013, 016-18, 021. Because AB North America facially did not engage in any of the in-state activities that form the alleged basis of this suit, there is no basis for specific jurisdiction, and the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint, award costs and fees as applicable, and for such further relief as the Court determines just.

Respectfully submitted this 4th day of June, 2020.

*s/ Steve V. Suneson*
Steve V. Suneson #3949369
Jones & Keller, P.C.
1999 Broadway, Ste. 3150
Denver, Colorado 80202
Office: (303) 573-1600
Facsimile: (303) 573-8133
Email: ssuneson@joneskeller.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 4, 2020, a true and correct copy of the foregoing was filed via the Court's electronic filing system and served on all counsel of record.

By: *s/ Renae Mesch*
Renae Mesch